[No. 8,443.—Department One.]
November 10, 1882.

## R. S. BAKER v. E. DICKSON ET AL.

FORCIBLE ENTRY—POSSESSION.—Plaintiff was in possession, through his servant and employee, of the premises in question, when the defendants, after entering peaceably thereon, forcibly ejected the servant therefrom. *Held:* It was not necessary that plaintiff should be there in person; the employee's possession was that of the employer; it does not require the actual personal presence of the employer to constitute possession in him.

APPEAL from a judgment for the plaintiff, and from an order denying a motion for new trial, in the Superior Court of the County of San Bernardino. SEPULVEDA, J.

*C. W. C. Rowell* and *H. M. Willis,* for Appellants.

*Brunson & Wells* and *Waters & Gibson,* for Respondents.

ROSS, J.:

This is a clear case. The evidence sufficiently shows that on the fourteenth day of September, 1881, the plaintiff was in the possession of the property described in the complaint—the Temescal Tin mine, situated in San Bernardino County—and had been in such possession since the third of January of the same year. He was not there in person, nor was it necessary that he should be. He was there by and through his servants and employees. But their possession was his possession. It does not require the actual, personal presence of the employer to constitute possession in him. It would be strange if it did.

On the fourteenth of September the plaintiff was in the possession of the premises through an employee of the name of West. During the evening of that day, one of the defendants—Hoag—went to the house occupied by West and wanted him to "go out prospecting." The next morning Hoag returned and wanted West to go off prospecting with him. West declined, and while they were standing talking, the other defendants—Haight, Dickson, and Wyman—came up in a light wagon. They pretended to be hunters; and having inquired for water for their horses, and being directed by

West to a spring some four hundred yards from the house, they drove in that direction. West remained around the house during the day and until late in the afternoon, when he went about a hundred yards below to see about his saddle-horse. While he was gone, Dickson, who had been stationed in the vicinity, took possession of the house, and on West's return, was sitting in the door, and forbade his entering. On his way back, West was passed by Hoag, who was on horseback, and who rode hurriedly to the house, dismounted, and going to the kitchen door, said to West as he attempted to enter: "Young man, you can't get in here; the ranch is jumped." West passed to the other door, and Dickson forbade his entering there. On being asked what he would do if he did, Dickson replied: "You come in, and I will d—d quick show you what I will do." Dickson and Wyman were armed. The "jumpers" proceeded to load West's personal effects in the wagon and hauled them off, and as Hoag started with the wagon, he said to Dickson: "If any one comes fooling around here, shoot h—l out of him." West, deeming discretion the better part of valor, saddled his horse and rode away. Thereupon the plaintiff demanded of defendants restitution of the premises, which demand being denied, he commenced the present action against them for the detention thereof, and was properly awarded judgment in the Court below.

If the defendants have rights in the property in question, the law affords ample means for their assertion and vindication; but it does not sanction such proceedings as are disclosed by the record in this case.

Judgment and order affirmed.

McKINSTRY and McKEE, JJ., concurred.